**UNION PAVING COMPANY, a Nevada corporation, Plaintiff,**

v.

**James G. SMYTH, Collector or former Collector of Internal Revenue, Defendant.**

Civ. No. 31614.

United States District Court
N. D. California, S. D.

Nov. 5, 1956.

Everett S. Layman, San Francisco, Cal., for plaintiff.

Lloyd Burke, U. S. Atty., San Francisco, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

This is a taxpayer's suit for refund of taxes paid in the calendar years 1942, 1943 and 1944. A trial has been had, and lengthy briefs have been filed and considered, in addition to the exhibits and stipulations in the record.

The questions presented are:

1) Whether certain bonds or lots sold or abandoned by the taxpayer during the years in question were held by it primarily for sale to customers in the ordinary course of its business, so as to be excludable from the definition of capital assets under Section 117(a) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117(a) (1).

2) Whether certain lots allegedly abandoned and certain bonds became worthless in the years 1944, 1945, and 1946, as claimed.

148

3) Whether the suit insofar as it relates to the taxpayer's principal claim for 1944 was timely brought.

 The first question may be answered briefly in the affirmative. Taxpayer is a paving company, receiving in many cases and in the case of the bonds and lots here involved, payment for work done for various public bodies not in cash but in bonds secured by liens on real estate. In some cases, these bonds had to be further secured by foreclosure. For a period of years, taxpayer did not sell the bonds or lots, but held them waiting for a more favorable market. That action on its part is not inconsistent with its desire and purpose to sell them as soon as a reasonable market presents itself. See the opinion of Judge Orr, in Rollingwood Corp. v. C. I. R., 9 Cir., 1951, 190 F.2d 263. It is the finding of the court that the bonds or lots here involved were held by the taxpayer and its predecessors primarily for sale to customers in the ordinary course of its business, which required such a course of conduct.

Plaintiff is composed of three separate construction companies which were merged at various times, the last merger occurring in 1942, into the present plaintiff. The bonds in question arose as the results of the work performed by these corporate predecessors. One of the three corporate predecessors for a period of approximately three years was not engaged in the construction business, and had title to some of the bonds in question during those years. Nevertheless, the substantial business identity of the three corporate predecessors with the present plaintiff is unchallenged, and the bonds in question were held primarily for sale rather than as capital assets.

 On the second question, it is the finding of the court that the bonds alleged to have become worthless and the lots alleged to have been abandoned in the years 1944, 1945, and 1946, did in fact become worthless and were in fact abandoned in those years as claimed. The subsequent history of those bonds and lots cannot control either the intentions of the plaintiff to abandon the lots or the events which at the time in question indicated with reasonable certainty that the bonds had become worthless. The subsequent rehabilitation of some of these items may have required, and may still require, amendment of subsequent returns dealing with those bonds or lots, but that fact in itself does not control the right of the taxpayer to write off the bonds as worthless and to abandon the lots during the years in question.

On the third question, it is clear that the taxpayer's principal claim for 1944 was not timely brought, and that Exhibit F herein was a proper and sufficient disallowance of his claim.

Let the plaintiff prepare findings of fact and conclusions of law in accordance with the Rule. Defendant is to have thirty days from the filing of proposed findings of fact and conclusions of law by plaintiff within which to file objections thereto, if desired. It is so ordered.